## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **Adoption of J.B. and B.B.**

**No. 15-0808** (Mercer County 14-A-50-DS)

## MEMORANDUM DECISION

Petitioner Father J.C., by counsel Andrea P. Powell, appeals the Circuit Court of Mercer County's July 22, 2015, order terminating his parental rights to the children, J.B. and B.B., and approving their adoption by respondent stepfather.[1] Respondents, the children's biological mother, J.B., and their stepfather, G.B., by counsel Robert E. Holroyd, filed a response in support of the circuit court's order. The guardian ad litem for the children, Harold B. Wolfe III, filed a response also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights upon erroneous findings of fact, conclusions of law, and a legally deficient home study; failing to dismiss the petition for lack of service; and failing to act on an alleged conflict of interest.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, the children's biological mother and stepfather, respondents herein, filed a petition seeking to have the minor children, J.C. and B.C., legally adopted by respondent stepfather. The petition alleged that petitioner abandoned the children. At the time of the proceedings, petitioner was incarcerated. As such, he was appointed a guardian for these proceedings. Additionally, the circuit court appointed a guardian for the children and directed that he conduct a home study on respondents' home. That document was filed with the circuit court shortly thereafter.

The following month, the circuit court held a hearing, during which respondent mother testified that petitioner had last seen the children approximately two years prior, though he had attempted to contact her to arrange shared parenting time with the children in the preceding six months. She also testified that petitioner occasionally sent the children correspondence from

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

prison, but that he had not sent any such correspondence within the prior year. During the hearing, petitioner's guardian moved to dismiss the petition as a matter of law. The circuit court did not rule on this motion, however. Petitioner further alleged that in June of 2014, he filed a petition for support and/or allocation of custodial responsibility in the family court based upon allegations that respondent mother interfered with his access to and contact with the children. After this hearing, the children's guardian filed a supplemental report detailing respondent stepfather's prior history with Child Protective Services ("CPS") and other criminal proceedings. The guardian later filed a second supplemental report in regard to respondents. Despite this history, the guardian ultimately recommended adoption by respondent stepfather because of the bond between him and the children.

In March of 2015, petitioner filed a renewed motion to dismiss the petition with multiple exhibits that he alleged demonstrated attempts to visit the children. The circuit court held the ruling in abeyance pending petitioner's next parole hearing. In June of 2015, the psychologist that evaluated respondent stepfather filed an updated evaluation after receiving the guardian's report regarding respondent stepfather's history. Previously, the psychologist indicated that there was not enough risk to prevent the adoption. However, upon review of the additional information, the psychologist indicated that he had increased concerns regarding the adoption. However, at the final hearing in this matter, the guardian indicated that he did not oppose immediate adoption by respondent stepfather and further indicated that the psychologist who evaluated respondent stepfather similarly did not oppose adoption. The circuit court ultimately terminated petitioner's parental rights and granted the petition for adoption by order entered on July 22, 2015. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 1, *In re Petition of Carter*, 220 W.Va. 33, 640 S.E.2d 96 (2006). Upon our review, the Court finds no error in the circuit court terminating petitioner's parental rights and approving the adoption below.

To begin, the Court finds no error in the circuit court's finding that petitioner abandoned the children at issue. Pursuant to West Virginia Code § 48-22-306(a)(1) and (2),

> [a]bandonment of a child over the age of six months shall be presumed when the birth parent . . . [f]ails to financially support the child within the means of the birth parent; and . . . [f]ails to visit or otherwise communicate with the child when he or she knows where the child resides, is physically and financially able to do so and is not prevented from doing so by the person or authorized agency having the

2

care or custody of the child: Provided, [t]hat such failure to act continues uninterrupted for a period of six months immediately preceding the filing of the adoption petition.

On appeal, petitioner argues that the circuit court's factual findings and conclusions of law were clearly erroneous. Specifically, he argues that he submitted evidence that he financially supported the children and sought to contact them in the six months preceding the petition's filing. According to petitioner, respondent mother even signed a receipt indicating that he provided her $200 monthly to support the children. However, the circuit court did not find this evidence compelling, as the mother specifically testified that she signed that document for petitioner's benefit, not to evidence monthly payments. Further, petitioner additionally testified that he supported the mother and children when they lived with him, but he provided no evidence to support this assertion. To the contrary, the mother testified that petitioner has never provided financial support for the children. Indeed, petitioner further admitted that there were several periods he was incarcerated during which he did not support the children. However, he argues that his incarceration made support unreasonable as it was not within his means.

This Court has previously held "that incarceration does not relieve a parent of the obligation to pay child support . . . ." *Adkins v. Adkins*, 221 W.Va. 602, 605, 656 S.E.2d 47, 50. Moreover, while it may be true that petitioner testified to previously providing a small amount of support to the children, the mother also testified that she never received any money from petitioner to support the children, including any monthly payment for $200. We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Ultimately, the circuit court did not find petitioner's testimony regarding past support credible, and we find no error on appeal.

Additionally, petitioner does not contest the fact that he failed to visit or otherwise communicate with the children in the six months preceding the petition below. However, petitioner argues that he attempted to contact the children, but was prevented from doing so by the mother and the fact that respondents moved and he was unaware of their new address. The Court, however, does not find these arguments compelling. According to petitioner, he was unable to send letters to the children while incarcerated because he did not have an accurate address. However, this argument ignores the fact that for a portion of the six months preceding the petition's filing, petitioner was not incarcerated yet still failed to contact the children. Additionally, despite having been aware of a potential adoption by respondent stepfather as early as late 2014 or early 2015, petitioner failed to exercise his parental rights in an effort to prevent the same. While it is true that petitioner eventually filed a petition for support and/or allocation of custodial responsibility in June of 2014, the record is also clear that petitioner failed to appear for a hearing on this petition in order to exercise his parental rights to the children. Based upon this evidence, the circuit court found that "the assertion that any attempted contact by [petitioner] with the children was thwarted by [respondent mother] lacked any merit." Again, the circuit court was the entity tasked with fact finding and, on appeal, this Court will not second guess such determinations. While petitioner argues that the circuit court disregarded or failed to consider certain evidence, the record is devoid of any support for this assertion. Simply put, the

circuit court did not find petitioner's evidence credible in light of the overwhelming evidence that petitioner failed to visit or otherwise communicate with his children in the six months preceding the petition's filing. As such, we find no error in this regard.

Petitioner also alleges that the circuit court's ultimate disposition in this matter constitutes an abuse of discretion because respondent stepfather is unfit to adopt the children. The Court, however, does not agree. While it is true that the circuit court found the stepfather's history was "a cause for concern," it went on to note that the "problematic issues essentially ceased more than two years prior to the filing of the present adoption petition." Moreover, the circuit court found that "there have been no reports by any person that [respondents] had experienced any sort of domestic discord and they appear to be in a stable, productive and appropriate relationship." Ultimately, the circuit court found that the stepfather "has had a profound change in his living circumstances for the better or positive capacity" and "has developed a substantial parental bond and relationship with the subjects of the adoption." This led the circuit court to "conclude that both children were well adjusted and thriving in all of their environments." As such, it is clear that the circuit court's decision to allow respondent stepfather to adopt the children was in keeping with this Court's prior holdings. Specifically, we have stated that "'the best interests of the child is the polar star by which decisions must be made which affect children.' *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) (citation omitted)." *Kristopher O. v. Mazzone*, 227 W.Va. 184, 192, 706 S.E.2d 381, 389 (2011). Because the circuit court clearly weighed the children's best interests in reaching its disposition in this matter, we find no error.

Petitioner next argues that the circuit court erred in terminating his parental rights, in part, upon a home study that failed to satisfy applicable legal requirements. Specifically, petitioner cites West Virginia Code § 48-22-701(b)(1), (2), (3), (4), and (5), which state that

> [b]etween the time of the filing of the petition for adoption and the hearing thereon, the court or judge thereof shall . . . cause a discreet inquiry to be made to determine whether . . . the home of the petitioner or petitioners is a suitable home for such child . . . . The report shall include, but not be limited to, the following: (1) A description of the family members, including medical and employment histories; (2) A physical description of the home and surroundings; (3) A description of the adjustment of the child and family; (4) Personal references; and (5) Other information deemed necessary by the court, which may include a criminal background investigation.

According to petitioner, the home study submitted below failed to meet these requirements. Specifically, petitioner argues that the home study for respondent stepfather did not include an employment history, a criminal background check, or personal references. As such, petitioner argues that it was error to terminate his parental rights upon a legally defective home study. Upon our review, however, the Court does not agree.

While petitioner argues that the home study itself lacked personal references, he admits that during the course of the proceedings below, the guardian for the children spoke with respondent stepfather's ex-wives. Although the results of these discussions were not contained

4

within the initial home study, it is clear that the guardian submitted this information to the circuit court in two supplemental reports, and the same were considered below. Further, petitioner provides no argument as to why respondent stepfather's ex-wives do not constitute personal references for purposes of this code section. Additionally, petitioner's arguments regarding the lack of an employment history and criminal background check for respondent stepfather similarly lack merit. Petitioner himself cites to numerous issues with respondent stepfather's prior employment and his past criminal history that were uncovered during the proceedings below. Again, while not addressed in the initial home study, these issues were fully raised in two supplemental reports from the guardian. The fact that petitioner is even aware of these issues on appeal is evidence that they were submitted to the circuit court for consideration. As such, the Court finds no merit to petitioner's argument that the home study below was legally deficient, as the guardian supplemented the home study with additional reports as information became available.

Petitioner additionally argues that the circuit court erred in denying his request to cross-examine the guardian in regard to the home study at issue. According to petitioner, pursuant to both Rule 47(d) of the Rules of Practice and Procedure for Family Court and West Virginia Code § 48-9-302(e), he was entitled to such cross-examination. Petitioner's argument, however, mischaracterizes the circuit court's ruling in regard to questioning the guardian and ignores the fact that he waived this issue for appeal. Specifically, when petitioner requested to call the guardian as a witness, the circuit court stated that "I don't put people who do home studies . . . under oath," but then went on to state that petitioner was free to ask the guardian any questions he chose. At this point, petitioner's guardian specifically stated that she had "one question" for the children's guardian. Petitioner's guardian was permitted to inquire of the guardian about the apparent inconsistency in respondent stepfather's admitted criminal history and the report's indication that he did not have a criminal history. After the guardian answered the question, petitioner's guardian clearly stated "[t]hat's all, Your Honor." Upon our review of the record, it is clear that petitioner was permitted to question the guardian regarding the home study. On appeal, petitioner asserts that he would have asked the guardian numerous other question regarding his history with the home study process and statements made by the subject children, among other issues, but the record contradicts this assertion. As such, we find no error.

Next, petitioner argues that he was not properly served below and, as such, the circuit court should have dismissed the petition against him. The Court, however, finds no merit to this argument. This is especially true in light of the fact that petitioner participated in the proceedings below and was appointed a guardian throughout. The record here is clear that the circuit court ordered petitioner be served by publication, and that the circuit clerk prepared a notice of publication. Petitioner, however, argues that the circuit court file does not contain an affidavit from the publisher, as required by law. According to West Virginia Code § 59-3-4(b), "[t]he affidavit of the publisher or proprietor of a qualified newspaper required by this section, together with a copy of the legal advertisement as published, constitutes prima facie evidence that the legal advertisement was published or published and posted as stated in the affidavit." In this case, however, such evidence is unnecessary given petitioner's actual notice of the proceedings. As noted above, petitioner was represented and participated in all stages of the proceedings below. For this reason, we find no error in regard to petitioner's claim that service was deficient.

Finally, the Court finds no error in regard to petitioner's allegation that the judge below had a conflict of interest and should have been recused. Petitioner cites to a small portion of a transcript wherein respondent mother told the circuit court that she went to high school with the judge's son. On appeal, petitioner admits that "[i]t is questionable whether the [j]udge should have recused himself" upon this information. Upon our review, we find no error, and further note that petitioner did not raise this issue below. We have long held that "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009).

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 22, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II